UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-60377-RAR

UNITED STATES OF AMERICA,

v.

KEVIN GARVIN,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE

**THIS CAUSE** comes before the Court on Defendant's Motion for a Reduction in Sentence Pursuant to the First Step Act and the Changes to the Compassionate Release Statute and 18 U.S.C. § 3582(c)(1)(A)(i), filed on September 30, 2020 [ECF No. 31] ("Motion"). The Government filed a Response in Opposition on October 16, 2020 [ECF No. 35] ("Response"). The Court having reviewed the parties' submissions, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for a Reduction in Sentence [ECF No. 31] is **DENIED** as set forth herein.

## BACKGROUND

On January 9, 2020, Defendant entered a guilty plea in Case No. 19-CR-60377-RAR to Bank Robbery in violation of Title 18, United States Code, Section 2113(a). *See* Plea Agreement [ECF No. 19]. Prior to sentencing, Defendant moved for a downward variance based on his early acceptance of responsibility and his gambling and alcohol addiction. Mot. for Downward Departure [ECF No. 26]. This Court granted Defendant's motion, ordering a nearly 50% reduction from the low end of his guidelines range, and on March 27, 2020, he was sentenced to 20 months' imprisonment followed by three years of supervised release. *See* Judgment [ECF No. 29]. He is currently incarcerated at the Federal Correctional Institution in Miami, Florida ("FCI Miami") and has served approximately half of his sentence.

In his Motion, Defendant seeks immediate release from Bureau of Prison ("BOP") custody based on the COVID-19 pandemic.  Specifically, Defendant, who is 58 years old, asserts that his "pre-existing medical and psychological health conditions, including Crohn's Disease, severe Acid Reflux, anxiety, and severe allergies causing him trouble breathing" combined with "the exponential spread of the COVID-19 virus in prisons" support "modifying [Defendant]'s sentence to home confinement to be followed by supervised release."  Mot. at 1.  Defendant maintains that "COVID-19 is spreading exponentially" at FCI Miami and his "specific pre-pandemic health issues make him especially susceptible to catching COVID-19."  *Id*. at 7.  Further, Defendant points out that he has been unable to participate in drug, alcohol, and gambling addiction programs, asserting that he would have been "able to dramatically speed up his release date had the programs not been terminated due to the pandemic."  *Id*. at 2.  Lastly, Defendant insists that the objectives of deterrence and protection of the public will be sufficiently served by granting the instant Motion because his offense "was an isolated incident committed under very unique circumstances," and "he has had no disciplinary violations since incarcerated."  *Id*. at 9.

## ANALYSIS

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after exhausting administrative remedies within the Bureau of Prisons ("BOP").  *See* First Step Act of 2018, § 603(b).  To grant a motion for compassionate release, a court must consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and must make a finding that the defendant is not a danger to the safety of any other person in the community. U.S.S.G. § 1B1.13.   In addition, the Court must find "extraordinary and compelling circumstances," and in doing so, must fashion a reduction in sentence that is "consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Milner*, 461 F. Supp. 3d 1328, 1331 (M.D. Ga. 2020)

(explaining that section 3582(c)(1)(A) "sets out two requirements for a defendant to be entitled to relief: exhaustion of administrative remedies and extraordinary and compelling reasons warranting a sentence reduction.").

### I.   *Defendant has not exhausted his administrative remedies.*

As set forth in section 3582(c)(1)(A), a court "may not modify a term of imprisonment" until the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).   Here, Defendant concedes that he has failed to exhaust his administrative requirements under § 3582(c)(1)(A) but nevertheless argues that the "statutory mandate of exhaustion is not absolute."    Mot. at 4.   Given Defendant's failure to fully exhaust all administrative remedies, his Motion warrants denial.

 "Regarding the First Step Act, courts around the country are divided about whether they can excuse its exhaustion requirement."  *United States v. Parker*, No. 03-CR-20859, 2020 WL 6527916, at *3 (S.D. Fla. Aug. 27, 2020) (collecting cases), *report and recommendation adopted* 2020 WL 6516193 (S.D. Fla. Nov. 5, 2020).  Indeed, this Court has previously "recognize[d] that administrative exhaustion *may* be unnecessary where the administrative process would be incapable of granting adequate relief[,] . . . [such as] where pursuing administrative review would generate undue prejudice due to an unreasonable or indefinite timeframe for administrative action . . . [or] where it would be futile."  *United States v. Gallagher*, --- F.Supp.3d ----, 2020 WL 6037190, at *4 (S.D. Fla. Apr. 24, 2020) (emphasis added) (citing *McCarthy v. Madigan*, 503 U.S. 140, 147, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)).  The Court need not—and therefore does not—make a definitive determination as to whether the administrative exhaustion requirement is absolute because even assuming *arguendo* that it is not, Defendant has not satisfied those

conditions in which the requirement could be waived, nor has he presented extraordinary and compelling reasons for release, as explained below.

Defendant insists that his circumstances are analogous to the defendant's in *United States v. Huarte*, No. 11-CR-20587, 2020 WL 4429424 (S.D. Fla. July 31, 2020).  There, the Court held that "because of the unprecedented pandemic, which has exploded at [the defendant]'s facility, combined with [the defendant]'s high risk of severe illness or death due to her particularly severe medical conditions, resorting to the administrative remedy may occasion undue prejudice."  *Id*. at *1.  The Court specifically found that "[b]oth [defendant]'s obesity and her [upper respiratory infection known as] Legionnaires' Disease place her at an increased risk of contracting a severe case of the virus[.]"  *Id*. at *2.  Here, by contrast, for the reasons explained below, Defendant has not demonstrated that he has a particularly severe medical condition that puts him at a high risk of severe illness or death from contracting COVID-19.  Therefore, he has not shown that the administrative exhaustion requirement would result in undue prejudice, and makes no claim that utilization of the administrative process would be futile or incapable of providing adequate relief.

## II.  *Defendant has failed to present extraordinary and compelling reasons for release.*

Defendant fails to present "extraordinary and compelling reasons" to warrant compassionate release "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission promulgated its policy statement regarding "extraordinary and compelling circumstances" in U.S.S.G. § 1B1.13.  The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP.  U.S.S.G. § 1B1.13, cmt. n.1.

To qualify as "extraordinary and compelling," an inmate's medical condition must be, in relevant part, "serious and advanced . . . with an end of life trajectory" or serious enough that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1. The mere existence of the COVID-19 pandemic, which poses a general threat to every nonimmune person in the country, does not fall into either of those categories and therefore cannot alone provide a basis for a sentence reduction. Instead, "[s]ince the onset of the pandemic in the United States, some courts have found that the outbreak of COVID-19, together with a diagnosed medical condition that puts an inmate at high risk of contracting and suffering an adverse outcome, is an important factor in the extraordinary and compelling inquiry." *United States v. Gamboa*, 467 F. Supp. 3d 1092, 1101 (D. N.M. 2020) (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 405-06 (E.D. Pa Apr. 1, 2020)).

Here, Defendant has advanced no medical records nor evidence demonstrating that he has a terminal illness or urgent medical condition warranting compassionate release under section 3582(c)(1)(A)(i). Defendant's alleged health conditions—Crohn's Disease, severe Acid Reflux, anxiety, and severe allergies causing him trouble breathing—are well-managed chronic conditions that do not constitute grounds for compassionate release due to the COVID-19 pandemic.[1] *See, e.g., United States v. Washington*, No. 8:17-cr-473-T-33JSS, 2020 WL 6273770, at *2 (M.D. Fla. Oct. 26, 2020) (finding that defendant's "underlying condition of acid reflux . . . [is] not extraordinary and compelling such [that it] [] warrant[s] release.") (citation omitted); *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (concluding

---

[1] The Court refers to Defendant's conditions as "alleged" because as the Government points out, while the medical records mention acid reflux, there is no reference to Crohn's Disease, anxiety, or allergies. However, it is of no moment because even assuming Defendant could establish the existence of these conditions, he would still fall short of demonstrating "extraordinary and compelling" circumstances sufficient to grant the requested relief.

"that the defendant's cited medical conditions," including major depressive disorder and anxiety disorder, "are not of the severity contemplated by guideline 1B1.13's policy statement"); *United States v. Knabb*, No. 11-cr-00009-JSW-2, 2020 WL 5630264, at *4 (N.D. Cal. Sep. 21, 2020) (finding "no evidence that allergies are the type of condition that would place [defendant] at increased risk of serious illness were he to contract COVID-19"); *United States v. Rogers*, No. 1:16-cr-00072, 2020 WL 5440352, at *5 n.5 (E.D. Cal. Sep. 10, 2020) (denying motion for compassionate release from inmate with Crohn's disease and noting "[w]hile it is true that what we know about COVID-19 is changing daily, the [Centers for Disease Control and Prevention] regularly updates its guidelines, yet it has not identified Crohn's disease or gastrointestinal issues generally as placing individuals at higher risk due to COVID-19.") (internal quotations and citations omitted).  Thus, Defendant has not shown that he is uniquely susceptible to contracting COVID-19 and suffering potentially irreparable harm.

Further, while the Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the serious health risks it presents, Defendant is not entitled to a modification of his sentence based solely on generalized COVID-19 fears and speculation.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020) ("[G]eneral concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13.").  Thus, Defendant's litany of COVID-19 statistics and generalized concerns regarding the safety of federal prisons amid the pandemic is unavailing.  *See* Mot. at 4-5.

Nor has Defendant shown a specific fear of COVID-19 infection based on the circumstances at FCI Miami, the facility wherein Defendant is housed. Defendant does not explain why the specific mitigating measures BOP has put into effect at FCI Miami will be insufficient to protect him. *See generally* Resp. at 2-5. As of this writing, FCI Miami is reporting only 13 COVID-19 infections among inmates and 125 inmates who have successfully recovered from infection. *See* BOP COVID-19 Cases, *available at* https://www.bop.gov/coronavirus/ (last accessed Dec. 2, 2020); *see also United States v. Cabrera*, No. 19-CR-20131, 2020 WL 6219332, at *7 (S.D. Fla. Oct. 22, 2020) (comparing "the slow spread of the virus at FCI Miami with its ubiquity in Florida generally—and in South Florida in particular").

Lastly, "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section] 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (alterations added); *see also United States v. Monaco*, --- F. App'x ---, 2020 WL 6194688, at *3 (11th Cir. Oct. 22, 2020) (explaining that if there are "'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors."). Indeed, section 3582 requires that a court contemplating a sentence reduction consider "the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A) (alteration added). Here, the Government posits that Defendant's only having served roughly half of his imposed sentence would not reflect the seriousness of Defendant's offense nor afford adequate deterrence. Resp. at 20.

The Court agrees. Granting Defendant compassionate release would be inconsistent with the section 3553(a) factors and the need for the sentence imposed to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; and (5) protect the public from further crimes of the

defendant.  *See* 18 U.S.C. § 3553(a).  Given the seriousness of his crime—using the threat of a bomb to terrorize innocent people in a public place—the Court cannot find that Defendant would not pose a threat to any other person or to the community if released.

Moreover, the Court notes that it granted a downward variance of almost 50% in this case based on Defendant's early acceptance of responsibility and his gambling and alcohol addiction. Any further reduction of Defendant's sentence would fail to reflect the seriousness of Defendant's offense, provide just punishment for that offense, provide adequate specific or general deterrence, or protect the public from further crimes.  Consequently, the section 3553(a) factors simply do not favor a reduction of Defendant's sentence.  *See, e.g., United States v. Baugh*, No. 14-CR-0011, 2020 WL 6938637, at *3 (D. Minn. Nov. 25, 2020) (denying compassionate release to defendant convicted of bank robbery due to § 3553(a) factors).

<u>**CONCLUSION**</u>

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for a Reduction in Sentence Pursuant to the First Step Act and the Changes to the Compassionate Release Statute and 18 U.S.C. § 3582(c)(1)(A)(i), [ECF No. 31] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of December, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**